NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT FRANK, Colonel,

                Plaintiff-Appellant,

 and

TIM STEBBINS,

                Plaintiff,

 v.

CITY OF HENDERSON and JEFFREY
FARLEY, Sergeant,

                Defendants-Appellees.

No. 16-16531

D.C. No.
2:12-cv-01988-JAD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted February 14, 2018
San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BEA and N.R. SMITH, Circuit Judges, and LASNIK,[**] District Judge.

Robert Frank appeals the district court's grant of summary judgment of dismissal of the complaint in favor of the City of Henderson and Sergeant Jeffrey Farley on Frank's claims for malicious prosecution under 42 U.S.C. § 1983, against Farley; and malicious prosecution under Nevada State law, against the City of Henderson and Farley.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court did not err by granting summary judgment on the basis that the undisputed facts show that Farley had probable cause to submit the warrant affidavits.  Probable cause existed to arrest Frank for violation of Nevada Revised Statutes § 207.280 (false reporting of crimes).  Frank's police report was based on the Homeowners Association ("HOA") Board's adoption of a resolution providing that excess membership dues from 2007 would be rolled over to offset 2008 membership dues, without prior community approval.  The police report contained false allegations.  First, Frank alleged that the Board received a tax research memorandum which determined that "IRS Ruling [70-604] was improperly applied because [the Board] did not either refund the excess assessments or apply it to

[**]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

reducing the next year's membership assessments." Quite to the contrary, the tax research memorandum actually concluded that "the Association is acting within the intent and substance of Revenue Ruling 70-604 by having the Board of Directors make the annual election." Second, Frank alleged that the tax research memorandum "recommended both the members AND the Directors approve the election method for returning excess/surplus assessment income to the members/unit owners." However, the tax research memorandum concluded that the HOA Board had the legal authority to elect to reimburse the excess dues *without* approval from the HOA members. Third, Frank alleged that the Board had not attempted to refund the 2007 excess dues to the HOA members through a dues holiday. During his investigation, however, Farley determined that Frank knew of, voted on, and received a $100 dues holiday related to the 2007 excess HOA membership income. Accordingly, Farley had probable cause to believe that Frank knowingly misrepresented facts in the allegations Frank made in his police report, to the effect that the HOA Board had acted improperly and in violation of the law. At the time Farley submitted the warrant affidavits, therefore, he had probable cause to arrest Frank for violation of Nevada Revised Statutes § 207.280. This is an absolute defense to a claim for malicious prosecution. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009).

3

2. The district court did not err by granting summary judgment on the basis that Frank failed to adduce evidence from which a reasonable fact-finder could conclude that Farley wrongfully interfered with the independent judgment of either the City Attorney's Office or the special prosecutor. The City Attorney's Office and special prosecutor each independently reviewed Frank's case and determined that probable cause existed to find a violation of Nevada Revised Statutes § 207.280. Accordingly, Farley is not liable for damages suffered by Frank after the City Attorney's Office filed charges, because Frank has not demonstrated that Farley presented evidence he knew was false in the affidavit for warrant or influenced the prosecutor. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007). Specifically, Farley's warrant affidavit included exculpatory evidence concerning Frank's investigative efforts, as well as information about Frank's wife which was relevant to whether Frank deliberately and knowingly made false statements to prompt an investigation of the Board members. Finally, a Sun City resident presented "exculpatory evidence" to Farley after he submitted his affidavit for warrant and criminal proceedings had commenced, which makes this "exculpatory evidence" irrelevant to the determination of probable cause at the time Farley submitted the affidavit.

3.  We decline to reach Frank's arguments that Farley is not entitled to qualified immunity and that the district court erred by dismissing Frank's claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1113 n.6 (9th Cir. 2016) (the "cardinal principle of judicial restraint" is "if it is not necessary to decide more, it is necessary not to decide more" (internal quotation marks omitted)).

**AFFIRMED**.